**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CONTESSA MCCLOUD,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-1221-22-0314-W-1<br><br><br>DATE: August 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Contessa McCloud, Auburn, Alabama, pro se.

Joy Warner, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the IRA exhaustion requirement and to find that the appellant exhausted her claims with the Office of Special Counsel (OSC), we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-07 Respiratory Therapist at the agency's VA Health Care System in Montgomery, Alabama. Initial Appeal File (IAF), Tab 13 at 83. According to the appellant, on February 26, 2022, she filed a complaint with OSC alleging that agency officials took several actions against her in retaliation for whistleblowing. IAF, Tab 21 at 11-31. Specifically, the appellant appears to have alleged that the agency, amongst other things, denied her reasonable accommodation request, issued her a written counseling, and subjected her to a hostile work environment in retaliation for her prior OSC and equal employment opportunity (EEO) complaints. IAF, Tab 1 at 11-12, Tab 7 at 3-4. On April 11, 2022, OSC issued letters closing out the appellant's inquiry and providing her with Board appeal rights. IAF, Tab 7 at 3-4. On April 2, 2022, the appellant filed the instant IRA appeal alleging that agency officials retaliated against her

for making protected disclosures when it denied her request for a reasonable accommodation. IAF, Tab 1.

The administrative judge issued jurisdictional orders, in which she acknowledged that the appellant appeared to be claiming retaliation because of whistleblowing or other protected activity, informed the appellant of her burden of establishing that she had exhausted her administrative remedies with OSC, and instructed her to submit evidence and argument demonstrating exhaustion and Board jurisdiction over her appeal. IAF, Tabs 9, 20. In response, the appellant submitted numerous documents, including her reasonable accommodation request, the agency's denial of that request, an EEO complaint, and what she identifies as "[her] completed OSC filing from February 26, 2022." IAF, Tabs 15-19, 21. After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 24, Initial Decision (ID). She found that the appellant failed to exhaust her administrative remedies before OSC and determined that, even if the appellant exhausted her claims with OSC, her disclosures were not within Board jurisdiction. ID at 11, 14.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 2. The agency has responded in opposition to the appellant's petition for review, PFR File, Tab 4, and the appellant has replied, PFR File Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a

personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). On review, the appellant reiterates her below claims and has not challenged the administrative judge's findings, and we discern no basis to disturb them, with the exception of clarifying the exhaustion requirement in an IRA appeal.

<u>The appellant exhausted her remedies with OSC regarding her claim of retaliation for her prior OSC and EEO complaints.</u>

The administrative judge found that the appellant "failed to describe or explain the precise ground of her charge of whistleblowing," but instead vaguely alleged "what she perceives to be retaliatory actions." ID at 11. However, the Board has clarified that substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's initial OSC complaint, evidence the original complaint was amended (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and the appellant's written responses to OSC referencing the amended allegations. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

Here, the appellant submitted what she identifies as her February 26, 2022 OSC complaint, which details that she filed EEO complaints and that the agency denied her reasonable accommodation request. IAF, Tab 21 at 15-31. OSC's letter, dated March 22, 2022, informing the appellant of its preliminary finding that her complaint did not merit further investigation also refers to the appellant's allegation that an agency official took multiple actions against her, including writing her up, providing a letter of counseling, and rejecting her reasonable accommodation request, in retaliation for her prior EEO reports. IAF, Tab 1 at 11-12. In addition, its closure letter dated April 11, 2022, provided that "[the appellant] alleged that [she] received written counseling and faced a hostile work environment in retaliation for reporting sexual harassment to the EEO and the Office of Resolution Management (ORM)." IAF, Tab 7 at 4. Therefore, contrary to the administrative judge's finding, we find that OSC's March 22 and April 11, 2022 letters are sufficient to establish exhaustion.

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity.</u>

As noted above, to establish Board jurisdiction in an IRA appeal, an appellant must, after showing exhaustion, make nonfrivolous allegations that she engaged in protected activity or made a protected disclosure that was a contributing factor in the challenged personnel action. *Corthell*, 123 M.S.P.R. 417, ¶ 8. Here, the administrative judge properly found that, even if the appellant had exhausted her claim that the agency retaliated against her for filing EEO complaints before OSC, the Board still lacked jurisdiction over her appeal. ID at 11-14. In so finding, the administrative judge explained that retaliation for EEO activity is not redressable in an IRA appeal. ID at 11-13. The appellant does not challenge this finding on review, and we discern no basis to disturb it. PFR File, Tabs 1-2; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 10 (explaining that reprisal for filing an EEO complaint is a matter relating solely to

discrimination and is not protected by 5 U.S.C. § 2302(b)(8)), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.